## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

LARRY T. OUTLAW,                          )
                                          )
      Petitioner,                   )
                                          )
      v.                            )          CAUSE NO.: 3:12-CV-136-TLS
                                          )
SUPERINTENDENT, WESTVILLE                 )
CORRECTIONAL FACILITY,                    )
                                          )
      Respondent.                   )

## OPINION AND ORDER

The Petitioner, Larry T. Outlaw, a prisoner proceeding *pro se* in this matter, filed this
habeas corpus petition challenging his 60 day loss of earned credit time in ISP Case No. 11-11-
007. On November 28, 2012, the Indiana State Prison Disciplinary Hearing Board (DHB) found
him guilty of intimidation under Class B Code Number 213. The Petitioner filed an Amended
Petition [ECF No. 5] seeking to overturn this conviction and restore his earned credit time under
28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts
are obligated to review a habeas corpus petition and to dismiss the petition if "it plainly appears
from the petition and any attached exhibits that the petitioner is not entitled to relief." This rule
provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions,
dismissing those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth
Amendment's Due Process Clause guarantees them certain procedural protections, including (1)
advance written notice of the charges; (2) an opportunity to be heard before an impartial decision
maker; (3) an opportunity to call witnesses and present documentary evidence in defense when
consistent with institutional safety and correctional goals; and (4) a written statement by the fact

finder of evidence relied on and the reasons for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). There must also be "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In his habeas corpus petition the Petitioner lists four separately numbered grounds for relief. First, the Petitioner argues his due process rights were violated when the DHB denied all of his physical evidence requests. The Petitioner requested "the camera footage, a camera phone, and the Webster's definition of the word 'intimidation.'" (Am. Pet. 4, ECF No. 5.) According to the conduct report, during the Petitioner's encounter with the reporting employee the Petitioner claimed to possess a camera phone with incriminating footage of that employee, which he threatened to use in an existing lawsuit. There is no indication that he actually had either a phone or any camera footage of the employee. Because there was no evidence that the requested items existed, it was impossible to introduce them into evidence. As for the Petitioner's request for a definition of the word "intimidation," the Petitioner does not explain how such a definition would be relevant. The Petitioner was free to argue that his conduct did not constitute intimidation; however, his right to make this argument before the DHB does not include the submission of a third-party definition of intimidation. Therefore, the Petitioner's due process rights were not violated when the DHB denied all of his evidence requests.

In addition, the Petitioner argues that the DHB impermissibly relied upon the silence of his witnesses in making its guilt determination. First, his witnesses were not silent. He requested statements from three employees of the prison, and all three employees submitted statements stating that they did not witness the event in question. Moreover, the DHB did not rely on those statements to find him guilty. It relied on the conduct report. The DHB's record of the disciplinary proceeding states that it believed the conduct report "to be true and accurate and

2

therefore find[s] him guilty." (DHB Report, ECF 5-1 at 7.) Given that reliance upon a conduct report is all the evidence that is constitutionally required, the Petitioner's due process rights were not violated. *See McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999) (brief disciplinary report satisfied "some evidence" standard).

Third, the Petitioner argues that being denied a continuance prevented him from properly preparing his defense. Although *Wolff v. McDonnell* requires that an inmate be given 24 hours advance written notice of the factual basis of the charges against him, it does not require that he be granted a continuance. The Seventh Circuit has instructed that "*Baxter v. Palmigiano*, 425 U.S. 308 (1976), warns the court of appeals not to add to the procedures required by *Wolff*, which, *Baxter* held, represents a balance of interests that should not be further adjusted in favor of prisoners." *White v. Ind. Parole Bd*., 266 F.3d 759, 767–68 (7th Cir. 2001) (citation altered). Here, the Petitioner was given nearly two weeks between his notification date and his hearing date, which is well past the minimum 24 hours required by *Wolff*. Therefore, the denial of additional time did not violate the Petitioner's due process rights.

Lastly, the Petitioner argues the DHB was not impartial because of "previous encounters in which an argument occurred" between himself and the hearing officer that "resulted in ill . . . feelings." (Am. Pet. 6.) It is true that prisoners are entitled to an impartial decision maker, however, "[a]djudicators are entitled to a presumption of honesty and integrity, and thus the constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (citation omitted). "The board cannot be composed of anyone directly or substantially involved in the underlying events or the investigation of the inmate or a witness to the events in question. But mere tangential involvement with the underlying facts is not a problem." *Wilson-El v. Finnan*, 281 F. App'x 589, 591 (7th Cir. 2008) (citations omitted). Similarly, "[a] hearing

3

officer is not automatically deemed biased . . . simply because he adjudicated or was involved in a previous disciplinary charge against the prisoner." *Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009). Here, the Petitioner does not indicate that the hearing officer was involved in the investigation or prosecution of his case nor does he indicate that the "prior encounters" between himself and the officer related to this case or otherwise show bias related directly to this case. Therefore, his fourth ground for habeas corpus relief cannot succeed.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must consider whether to grant the Petitioner a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).

For the reasons stated above, the Court concludes that the Petitioner is not entitled to relief because he fails to state a claim for relief. The Petitioner has not established that jurists of reason could debate the correctness of these rulings or find a reason to encourage him to proceed further. Accordingly, the Court declines to issue him a certificate of appealability.

Because the Petitioner has presented no basis for habeas corpus relief, the Court DENIES the Amended Petition [ECF No. 5] and DENIES a Certificate of Appealability on the same.

SO ORDERED on July 11, 2012.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION